THE OFFICE OF THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER IN WHICH YOU ASK FOR AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 CAN THE STATE REQUIRE A TEACHER TO PARTICIPATE IN A GROUP HEALTH INSURANCE PLAN IF THE TEACHER IS ALREADY ENROLLED IN AN INDIVIDUAL HEALTH INSURANCE PLAN?
FROM CONVERSATIONS HAD WITH YOU FOLLOWING RECEIPT OF YOUR LETTER, IT IS MY UNDERSTANDING THAT THE GIST OF YOUR QUESTION RELATES TO THE CONSTITUTIONALITY OF THE LEGISLATION WHICH MANDATES THE SCHOOL DISTRICTS TAKE ACTION TO PROVIDES HEALTH INSURANCE FOR ITS EMPLOYEES. THIS IS PROVIDED FOR IN TITLE 70 OF THE OKLAHOMA STATUTES, 70 O.S. 5-117.5 (1990), WHICH GOES INTO EFFECT JULY 1, 1991, AND WHICH PROVIDES, IN PART:
 "A. BEGINNING JULY 1, 1991, THE BOARD OF EDUCATION OF EACH SCHOOL DISTRICT IN THIS STATE SHALL PROVIDE A HEALTH INSURANCE PLAN FOR THE EMPLOYEES OF THE SCHOOL DISTRICT. SCHOOL DISTRICTS MAY OBTAIN HEALTH AND DENTAL INSURANCE COVERAGE AS PROVIDED FOR IN THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE ACT OR MAY OBTAIN OTHER HEALTH INSURANCE COVERAGE. ANY SCHOOL DISTRICT THAT DOES NOT PARTICIPATE IN THE HEALTH AND DENTAL INSURANCE PLANS OFFERED THOUGH THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE PLAN BY JULY 1, 1991, SHALL OBTAIN HEALTH INSURANCE COVERAGE FOR THE EMPLOYEES WHICH IS COMPARABLE, AS DETERMINED BY THE OFFICE OF PUBLIC AFFAIRS, TO THE HEALTH INSURANCE PLAN OFFERED THROUGH THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE PLANT (.)"
TITLE 74 OF THE OKLAHOMA STATUTES, 70 O.S. 1308.1 (1990), PROVIDES FOR THE PROCEDURE BY WHICH SCHOOL DISTRICT CAN EITHER ENROLL IN THE STATE AND EDUCATION EMPLOYEES INSURANCE PLAN OR WITHDRAW FROM IT. IT IS ADDITIONALLY ALLOWED UNDER THIS SECTION FOR AN INDIVIDUAL TO OPTION OUT OF THE PLAN. SECTION 1308.1(2) PROVIDES IN PART:
 "EXCEPT AS OTHERWISE PROVIDED FOR IN THIS SUBSECTION, WHEN AN EDUCATION ENTITY PARTICIPATES IN THE HEALTH AND DENTAL INSURANCE PLANS OFFERED THROUGH THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE ACT, ALL EMPLOYEES OF THE EDUCATION ENTITY HALL BECOME PARTICIPANTS.
* * *
AN EMPLOYEE OF AN EDUCATION ENTITY THAT IS PARTICIPATING IN THE HEALTH AND DENTAL PLANS SHALL NOT BE REQUIRED TO BECOME ENROLLED IN SAID PLANS IF THE EMPLOYEE PROVIDES EVIDENCE SATISFACTORY TO THE BOARD THAT THE EMPLOYEE IS COVERED BY SOME OTHER GROUP HEALTH INSURANCE PLAN WHICH IS NOT BEING PAID FOR IN FULL OR IN PART BY THE EDUCATION ENTITY OF THE EMPLOYEE, IS COVERED BY THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE ACT AS A DEPENDENT OR IS ELIGIBLE TO USE MILITARY MEDICAL FACILITIES OR INDIAN HEALTH SERVICES MEDICAL FACILITIES. (EMPHASIS ADDED.)"
BECAUSE THE LANGUAGE USED IN BOTH OF THESE SECTIONS IS PLAIN AND UNAMBIGUOUS, IT IS NECESSARY TO INTERPRET THE WORDS USED IN THEIR ORDINARY SENSE. 25 O.S. 1. SEE ALSO, CAVE SPRINQS PUBLIC SCHOOL DIST. I-30_OF ADAIR COUNTY_V. BLAIR, 613 P.2D 1046 (OKLA. 1980). FROM THIS IT IS REQUIRED TO GIVE EFFECT TO THE PLAIN INTENT OF THE LEGISLATURE. STATE EX REL. CARTRIGHT V. GEORGIA PACIFIC CORP., 663 P.2D 718 (OKLA. 1982). THE WORD "SHALL" IS DEFINED TO CONNOTE A MANDATORY DUTY. TIB CORP. V. EDMONDSON, 630 P.2D 1296 (OKLA. 1981).
THE RESULT OF THIS IS THAT PURSUANT TO 70 O.S. 1308.1, WHERE AN EDUCATION ENTITY PROVIDES COVERAGE TO AN EMPLOYEE UNDER THE STATE PLAN, THE EMPLOYEE IS REQUIRED TO PARTICIPATE IN THE PLAN UNLESS THE EMPLOYEE MEETS THE REQUIREMENTS OF AN EXCEPTION. WHILE MEMBERSHIP IN ANOTHER GROUP PLAN IS AN EXCEPTION, UNDER A PLAIN READING OF THE SECTION, MEMBERSHIP IN AN INDIVIDUAL HEALTH PLAN WOULD NOT.
AS TO THE CONSTITUTIONALITY OF SUCH A REQUIREMENT, ARTICLE V, SECTION 35 OF THE OKLAHOMA CONSTITUTION PROVIDES:
 "THE AUTHORITY OF THE LEGISLATURE SHALL EXTEND TO ALL RIGHTFUL SUBJECTS OF LEGISLATION AND ANY SPECIFIC GRANT OF AUTHORITY IN THIS CONSTITUTION, UPON ANY SUBJECT WHATSOEVER, SHALL NOT WORK A RESTRICTION, LIMITATION, OR EXCLUSION OF SUCH AUTHORITY UPON THE SAME OR ANY OTHER SUBJECT OR SUBJECTS WHATSOEVER."
THIS IS SEEN TO VEST IN THE LEGISLATURE THE POWER TO PASS LEGISLATION ON ANY SUBJECT NOT WITHHELD BY THE CONSTITUTION OF OKLAHOMA OF THE FEDERAL CONSTITUTION. STATE EX REL. OKLAHOMA TAX COMMISSION V. DAXON, 607 P.2D 683. IN ITS PROPER SPHERE, THE LEGISLATURE IS THE SUPREME AUTHORITY IN THE STATE. STATE EX REL. GRAND JURY OF MCCURTAIN COUNTY V. PATE, 572 P.2D 226 (OKLA. 1977). ANY DOUBT AS TO THE VALIDITY OF LEGISLATION SHOULD BE RESOLVED IN FAVOR OF ITS CONSTITUTIONALITY. WISEMAN V. BOREN, 545 P.2D 753 (OKLA. 1976). LIMITATIONS AND RESTRICTIONS ON THE LEGISLATURE ARE STRICTLY CONSTRUED. ID., AT 761.
MY REVIEW OF THE OKLAHOMA CONSTITUTION DID NOT REVEAL ANY LIMITATION OF RESTRICTION ON THE LEGISLATURE IN THIS AREA OF LAW. FURTHER, I AM UNAWARE OF ANY SUCH LIMITATION OR RESTRICTION UNDER THE FEDERAL CONSTITUTION. AS THE LANGUAGE OF THE APPLICABLE STATUTES APPEARS REASONABLE ON ITS FACE, THERE DOES NOT APPEAR ANY BASIS FOR IT TO BE HELD UNCONSTITUTIONAL.
AS SUCH, IT IS MY OPINION THAT THE PROVISIONS OF 74 O.S. 1308. 1 (1990), DO REQUIRE AN EDUCATION EMPLOYEE WHO IS COVERED OTHERWISE ONLY IN AN INDIVIDUAL HEALTH PLAN TO PARTICIPATE INSTEAD IN THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE PLAN. FURTHER, IT IS MY OPINION THAT THIS ENACTMENT IS NOT UNCONSTITUTIONAL.
(JAMES ROBERT JOHNSON)